IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN MILEWSKI, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| YOUNG'S APPLIANCES, INC., and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Susan Milewski brings this action to secure redress for the actions of defendant Young's Appliances, Inc., in sending or causing the sending of unsolicited text message calls ("spam") to cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the Illinois Restricted Call Registry Act, 815 ILCS 402/10.

2.  In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits automated text messages to cellular phones.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

4.  Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.  Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.  Have transacted business in Illinois.

    c.  Are located in Illinois.

5.   Venue in this District is proper for the same reason.

## PARTIES

6.   Plaintiff Susan Milewski is an individual who resides and is domiciled in the Northern District of Illinois.

7.   Defendant Young's Appliances, Inc., is an Illinois corporation with principal office located at 336 Centers Street, Glen Ellyn, Illinois 60137.  Its registered agent and office is Robert L. Renfro, 1755 South Naperville Road, Suite 200, Wheaton, Illinois 60189.

8.   Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the text message calls described below.  Plaintiff does not know who they are.

## FACTS

9.   On October 2, 2017, at 4:06 p.m. plaintiff Susan Milewski received an unsolicited text message on plaintiff's cellular telephone. (Exhibit A)

10.  Discovery may reveal additional text message calls as well.

11.  Plaintiff had called Young's Appliances, Inc. store and heard a recorded message. After she hung up, she received a text message from Young's Appliances, Inc.

12.  Young's Appliances, Inc., has an automated system which captures the numbers of persons that call it and sends text messages to those persons.  Additionally, the equipment utilized was capable of sending text messages simultaneously *en masse* and without human intervention.

13.  Defendant Young's Appliances, Inc.,  is responsible for making or causing the making of the text message calls.

14.  Plaintiff had no prior relationship with defendant and had not authorized the text message calls to her cellular phone.

15.  On information and belief, text message calls were made as part of a mass broadcasting of text message calls.

16. On information and belief, defendants have made unsolicited text message calls to cellular telephones of at least 40 other persons in Illinois.

17. The text messages received by Plaintiff were made by or on behalf of defendant using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

18. Defendant was and is aware that the above-described text message calls were and are being made to consumers without those consumers' prior express consent as it asks the consumer to "Reply Yes for autodialed offers & texts (max 5/mo)."

19. There is no reasonable means for plaintiff or other recipients of defendants' text message calls to avoid receiving them.

20. The TCPA, 47 U.S.C. § 227, prohibits unsolicited text message calls to cell phones:

> . . . **(b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–   * * ***
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

21. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls. The messages take time to retrieve, use memory and reduce battery life and are annoying. Furthermore, plaintiff's statutory right of privacy was invaded.

## COUNT I – TCPA

22. Plaintiff incorporates ¶¶ 1-21.

23. The TCPA, 47 U.S.C. §227(b)(3), provides:

3

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24. Defendant and/or its agents utilized equipment that made the text message calls to Plaintiff and other members of the putative class without human intervention.

25. Plaintiff and each class member is entitled to statutory damages.

26. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited text message calls and their statutory right of privacy was invaded.

27. Defendants violated the TCPA even if their actions were only negligent.

28. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent text message calls by or on behalf of defendant Young's Appliances, Inc., (d) and who never provided prior express consent to receive such text message calls.

30. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

31. There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members. The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending automated text message calls.

    b.    Whether defendants thereby violated the TCPA;

    c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

32. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

33. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

34. Several courts have certified class actions under the TCPA. *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v.*

*Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

35. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  a. Actual damages;
  b. Statutory damages;
  c. An injunction against further text message calls to cellular telephones;
  d. Costs of suit;
  e. Such other or further relief as the Court deems just and proper.

### COUNT II – ICFA

36. Plaintiff incorporates ¶¶ 1-21.

37. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making automated text message calls to cellular telephones of plaintiff and others.

38. Such calls are contrary to the TCPA and also Illinois public policy.

39. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients.

40. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls in the form of monies paid to receive the unsolicited text message calls, reduced battery life, and use of memory. Their statutory right of privacy was also invaded.

41. Defendants engaged in such conduct in the course of trade and commerce.

42. Defendants' shifting of costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA.

43. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

44. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with cell phones registered to Illinois area codes, (b) who, on or after a date 3 years prior to the filing of this action, (c) were sent text message calls by or on behalf of defendant Young's Appliances, Inc. (d) and who never provided prior express consent to receive such text message calls.

45. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

46. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending automated text message calls.

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

47. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not

to vigorously pursue this action.

48. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

49. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Appropriate damages;

    b. An injunction against further text message calls to cellular telephones;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

## COUNT III – ILLINOIS RESTRICTED CALL REGISTRY ACT

50. Plaintiff incorporates ¶¶ 1-21.

51. Plaintiff's cell phone number has been on the National Do Not Call Registry since April, 2017.

52. 815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

53. 815 ILCS 402/5(a) defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of

the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

  54.  815 ILCS 402/5(e) defines "Telephone solicitation" to mean  --

> **any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**
>
>> **(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:**
>>
>>> **(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.**
>>>
>>> **(B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.**
>>>
>>> **(C) The telephone solicitation is made 30 business days after a product or service becomes available where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;**
>>
>> **(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;**
>>
>> **(3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .**

  55.  815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a

person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

56. 815 ILCS 402/50 provides:

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

57. Plaintiff is a "residential subscriber" within the meaning of the Restricted Call Registry Act.

58. Defendant violated the Restricted Call Registry Act by making a telephone solicitation to plaintiff more than 45 days after plaintiff placed her number on the National Do Not Call Registry.

59. Defendant violated the Illinois Restricted Call Registry Act even if its actions were only negligent.

60. Plaintiff is entitled to statutory damages for defendant's violation of the Illinois Restricted Call Registry Act.

## CLASS ALLEGATIONS

61. Plaintiff brings this claim on behalf of a class, consisting of (a) all Illinois residents (b) who, on or after a date one year prior to the filing of this action, (c) were sent text

message calls by or on behalf of defendant Young's Appliances, Inc., (d) after having placed their telephone numbers on the National Do Not Call Registry more than 45 days prior to the text message call, (e) which text message call advertised the commercial availability of any property, goods, or services of defendant Young's Appliances, Inc.

62. On information and belief, the class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

63. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant questions include:

    a. Whether defendant timely obtains numbers on the National Do Not Call Registry;

    b. The manner in which defendants place telemarketing calls; and

    c. Whether defendant violated the Illinois Restricted Call Registry Act.

64. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests adverse to or in conflict with the absent class members.

65. A class action is the appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

66. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., securities fraud.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class members and against defendants for:

    a. Statutory damages;

    b. Injunctive relief;

      c.      Costs;

      d.      Such other and further relief as the Court may deem just and proper.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)